# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRANCH WILLIAM NIEHOUSE**, | Case No. 2:17-cv-01049-JE |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **MS. BRIGITTE AMSBERRY**, | |
| Respondent. | |

Thomas J. Hester, Assistant Federal Public Defender, 101 SW Main St., Suite 1700, Portland, OR 97204. Attorney for Petitioner.

Ellen F. Rosenblum, Attorney General; Samuel A. Kubernick, Assistant Attorney General, Department of Justice, 1162 Court St. NE, Salem, OR 97301. Attorneys for Respondent.

**IMMERGUT, District Judge.**

On August 16, 2019, Magistrate Judge John Jelderks issued his Findings and Recommendation (F&R) in this case. ECF 51. Magistate Judge Jelderks recommended Petitioner's Amended Petition for Writ of Habeas Corpus, ECF 2, be denied, that this Court enter a judgment dismissing the case with prejudice, and that no Certificate of Appealability be issued. Petitioner timely filed Objections to the F&R, ECF 53, and Respondent filed a Response to Objections, ECF 54.

## DISCUSSION

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

A petition for writ of habeas corpus shall not be granted unless the adjudication of the claim in the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Factual determinations made by a state court are presumed to be correct. *Id.* at § 2254(e)(1). The petitioner bears the burden of rebutting that presumption by clear and convincing evidence. *Id.* When reviewing the sufficiency of evidence for a habeas corpus claim, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Petitioner raises objections to the following three determinations made by Magistrate Judge Jelderks's F&R: (1) the evidence at trial was sufficient to establish that Petitioner

committed Robbery in the First Degree, in violation of O.R.S. § 164.415; (2) a motion to sever the charges in the first two indictments would have been futile; and (3) the Court should decline to issue a Certificate of Appealability. As set forth below, this Court agrees with Judge Jelderks's conclusions and ADOPTS the F&R.

Petitioner argues that Magistrate Judge Jelderks erred in finding that the evidence in the record was sufficient to support a rational trier of fact in finding that Petitioner committed the essential elements of Robbery in the First Degree. This Court agrees with Judge Jelderks's conclusion that, when viewed in the light most favorable to the prosecution, a rational trier of fact could find that Petitioner stole sunglasses from the safe at a restaurant, Putters, and used a threat of physical force to leave with the property, thereby satisfying the essential elements of Robbery in the First Degree. The state offered testimony from the business owner, Eric Gilbert, and video surveillance footage to support this finding. Gilbert testified that he discovered Petitioner peering into the open safe where the business stored lost and found items. ECF 20 at 246. Gilbert then stated that he observed Petitioner holding sunglasses that were likely taken from the safe. *Id.* Finally, Gilbert testified that Petitioner threatened to use a weapon against him before leaving with the sunglasses. *Id.* at 246–49. The state also presented surveillance footage that showed Petitioner enter through the back door of the business and walk directly to the safe. *Id.* at 238. The Court agrees with Judge Jelderks's conclusion that the state presented sufficient evidence that Petitioner stole sunglasses from the safe and used a threat of physical force to leave with the property. Accordingly, the state court's decision did not demonstrate an unreasonable determination of the facts presented at trial. *See* 28 U.S.C. § 2254(d). Petitioner failed to provide clear and convincing evidence contrary to this determination. *Id*. at § 2254(e)(1).

Petitioner further argues that the trial judge erred because the facts of his case do not

constitute robbery under Oregon law. *See* ECF 53 at 3–4; O.R.S. § 164.395; O.R.S. § 164.415. Petitioner compares his case to *State v. Jackson*, which held that a defendant has not committed the crime of robbery when he uses force after an abandoned attempt to commit theft. 596 P.2d 600, 602 (Or. Ct. App. 1979). In that case, the Oregon Court of Appeals reversed a robbery conviction after finding that the use of force occurred after the termination of an attempted theft, and "there were no fruits of the theft for defendant to use force to retain." *Id.* Thus, the force was not used "in the course of committing or attempting to commit theft," as required under O.R.S. 164.395. *Id.* Unlike the defendant in *State v. Jackson*, however, the trial court found that Petitioner used force to leave with stolen property, namely the sunglasses from the safe. This Court finds that *State v. Jackson* is distinguishable and agrees with the conclusion in the F&R that the trial judge's findings satisfied due process. *See Johnson v. Montgomery*, 899 F.3d 1052, 1059 n.1 (9th Cir. 2018).

Petitioner's second objection concerns his allegation of ineffective assistance of counsel. Petitioner asserts that trial counsel's representation fell below the standard of objective reasonableness because he failed to file a motion for severance or object to the consolidation of the charges. *See* ECF 53 at 8–9. *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (holding that defendant bears the burden of showing that "counsel's representation fell below an objective standard of reasonableness"). Specifically, Petitioner objects to Judge Jelderks's conclusions that a motion to sever the claims would have been futile and the defense suffered no resulting prejudice. *See* ECF 53 at 8–9. The F&R recommends that the Court deny the Petition for Writ of Habeas Corpus because the post-conviction relief ("PCR") court found that the representation was reasonable and Petitioner failed to establish that he suffered prejudice from the error of his attorney. *See* ECF 51 at 14–15.

When reviewing claims for ineffective assistance of counsel, federal courts are to provide a "doubly deferential" review of state court decisions. *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016). Federal courts are not to "reexamine state-court determinations on state-law questions" but limit review to determining "whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The PCR court found that the charges were "properly joined and triable in one case." ECF 19 at 50. The PCR court also doubted that a motion for severance would have been granted given the commonality of the charges. *Id.* The F&R properly applied the deferential standards required when a federal court examines a state court's ruling on ineffective assistance of counsel. Petitioner has not shown that his counsel's failure to sever the claims fell below an objective standard of reasonableness. Nor has Petitioner shown that the state court's determination involved an unreasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d).

Finally, Petitioner objects to the recommendation that the Court deny a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c) "permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court agrees with the F&R that Petitioner has failed to make a substantial showing of the denial of a constitutional right.

## CONCLUSION

The Court has reviewed de novo the portions of Judge Jelderks's Findings and Recommendation to which Petitioner objected. Upon review, the Court agrees with Judge Jelderks's recommendation and ADOPTS the Findings & Recommendation, ECF 51. The Petition for Writ of Habeas Corpus, ECF 2, is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a

constitutional right, as required under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 20th day of September, 2019.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge